**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**EDWARD GARCIA,**

**Plaintiff,**

**v.** **Case No.: 5:25-cv-00754-JSS-PRL**

**REMINGTON'S PRIME OCALA, LLC,**

**Defendant,**
**___________________________________/**

**ORDER**

Upon referral, this case is before the undersigned for consideration of pro se Plaintiff's motion titled, "Plaintiff's request to remove MJ Lammens from case and assign to Article III Judge for review and assess bias and judicial improper conduct" and Plaintiff's declaration in support of the motion. (Docs. 35 & 36).

Plaintiff's motion for recusal is without merit. "Two statutes govern recusal—28 U.S.C. §§ 144 and 455." *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (per curiam). Recusal under § 144 is mandated "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." *See* 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) (citation omitted). The statute further requires that an affidavit "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. Notably, no certificate of counsel of record is filed here. *United States v. Perkins*, 787 F.3d 1329, 1343 (11th Cir. 2015).

Under § 455, a federal judge must recuse himself when his "impartiality might reasonably be questioned," if, among other things, he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *See* 28 U.S.C. § 455(a), (b)(1). To that end, a party must offer facts, not merely allegations, that evidence partiality. *See United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999). Unlike § 144, "[s]ection 455 does not require the judge to accept all allegations by a moving party as true." *Macort v. Prem Inc.*, No. 8:03-cv-1710-T-17MSS, 2005 WL 8153267, at *1 (M.D. Fla. June 24, 2005) (citing *Philips v. Joint Legis. Comm. on Performance & Expenditure Rev.*, 637 F.2d 1014, 1019 n.6 (5th Cir. 1981)).

For recusal to be warranted under either § 144 or § 455, a judge's bias must be "personal as distinguished from judicial in nature" and "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *See Jaffe v. Grant*, 793 F.2d 1182, 1188-89 (11th Cir. 1986) (internal quotation marks omitted). A judge must not recuse himself "when there is no occasion for him to do so" and should not recuse himself "on unsupported, irrational, or highly tenuous speculation." *See In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (citations and quotation marks omitted); *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (per curiam) ("Rather, a charge of partiality must be supported by facts."). Indeed, "if this occurred[,] the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." *Greenough*, 782 F.2d at 1558; *see Macort*, 2005 WL 8153267, at *1 ("If a party could force recusal of a judge by [mere] factual allegations, the result would be a virtual 'open season' for recusal.") (citations omitted).

Here, Plaintiff's motion is insufficient to show that the undersigned should recuse himself from this action. Plaintiff seeks the undersigned’s recusal based on his disagreements with my judicial rulings in this matter, for example, the denial of a motion to compel and the recommendation of sanctions. (Docs. 33 & 43). “Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.” *Liteky*, 510 U.S. at 555; *see McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (per curiam) (“Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion.”). Rather, Plaintiff's disagreement with adverse rulings is “proper grounds for appeal, not recusal.” *See Liteky*, 510 U.S. at 555; *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009) (“[A] recusal motion is an improper vehicle to dispute disagreeable adverse rulings.”).

Simply stated, Plaintiff may not compel the undersigned to recuse himself just because the undersigned issued an order or ruled against him in a current case. Plaintiff's motion is largely based upon his subjective disagreement with the undersigned's legal conclusions, rather than upon any facts that evidence impartiality by the undersigned.

Meanwhile, Plaintiff also contends that the undersigned should recuse himself due to alleged impartiality involving counsel for Defendant, Robert Batsel, Esq. As best can be discerned from Plaintiff’s declaration and motion, Plaintiff contends that the undersigned is biased due to professional interactions with Mr. Batsel and his son and law partner, Robert Batsel, Jr., Esq. (Doc. 35 at 1-2). Plaintiff contends that both lawyers have “collaborated or interacted closely within the local legal community, including events hosted by the Marion County Bar Association where Judge Lammens has spoken and Batsel has served as officer of said organization.” (Doc. 35 at 2). Plaintiff also argues that Robert Batsel, Jr., served on a

panel to consider the re-appointment of the undersigned, citing matter No. 8:19-mc-111, and argues that the circumstance raises a “dire concern.” (Doc. 35 at 2).

Plaintiff’s motion for recusal on this basis is entirely without merit and amounts to nothing more than conjecture. As numerous courts have observed, it is unreasonable to assume that a judge’s involvement with a local bar association “foretells the kind of ‘deep-seated favoritism or antagonism’ that requires recusal.” *Block v. Washington State Bar Ass'n,* No. C15-2018 RSM, 2016 WL 11787683, at *2 (W.D. Wash. Feb. 24, 2016), citing *King v. Kansas,* No. 09-4117-JAR, 2009 WL 2912475, at *1 (D. Kan. Sept. 9, 2009). Likewise, Plaintiff’s speculation regarding Mr. Batsel’s alleged influence upon the undersigned is also mere conjecture and, therefore, is an insufficient basis for recusal.

Because Plaintiff fails to state sufficient facts or basis for recusal, he has failed to demonstrate that any reasonable and objective individual would entertain a significant doubt about the undersigned's impartiality.

As such, Plaintiff's motion to disqualify or recuse the undersigned (Doc. 35) is due to be denied.

**DONE** and **ORDERED** in Ocala, Florida on September 2, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties